## Commonwealth v. Christian

*Braddock & Sohn* and *Carl B. Shelley*, district attorney, for Commonwealth.

*George V. Hoover*, for defendant.

WICKERSHAM, J., May 31, 1938.—The motion to quash the indictment in the above case is before us upon reargument. Defendant was indicted under the Act of March 13, 1903, P. L. 26, charging that "he did unlawfully, wilfully, and maliciously separate himself from his daughter, Aleen Christian, born out of lawful wedlock, in unreasonable cause, and hath neglected and refused to maintain and properly support the said Aleen Christian, who is destitute and wholly incapable of earning a livelihood." The motion to quash is based upon the theory that the Act of 1903, supra, refers only to children

born in lawful wedlock and has no application to an illegitimate child.

Counsel has called to our attention no cases in which this question has been determined, and at the time of the original argument we were under the impression that the matter had not been passed upon by any court. Upon further investigation, however, we find that in Commonwealth v. Clark, 2 Pa. C. C. 311 (1885), Judge Simonton of this court held that the Act of April 13, 1867, P. L. 78, did not apply to the liability of a putative father to support his illegitimate child, but that, "It was intended to add another remedy for the case where a husband or father should neglect to maintain his lawful wife or his legitimate children, or both, and does not include the father of illegitimate children." The decision of Judge Simonton was followed by Judge Van Swearingen of Fayette County in Bunch's Petition, 29 Dist. R. 139 (1919).

A comparison of the Act of 1867 with the Act of 1903 reveals that they contain almost identical language. If the Act of 1867 cannot apply to the liability of a putative father to support his illegitimate child, it follows that the Act of 1903 can have no such application.

In 30 A. L. R. 1075 appears an annotation in which the general rule is stated:

"Where a statute, without making any specific reference to illegitimates, imposes on a parent or other person the duty of supporting a minor child, such statute is uniformly held to apply to legitimate children only, and an illegitimate child has no standing thereunder." The rule is supported by citations from eight jurisdictions including Pennsylvania.

Relying upon the opinion of Judge Simonton, and the general rule above quoted, we now hold that the Act of 1903, does not apply to the liability of a putative father for the support of his illegitimate child under the circumstances of this case. We express no opinion on the question of whether the act would apply to the liability of

a father who had acknowledged his illegitimate child, taken it into his household, and later abandoned it. The motion to quash the indictment must be granted.

And now, May 31, 1938, the motion to quash the indictment in the above case is granted; the indictment is quashed and defendant is discharged, the costs to be paid by the County of Dauphin.